IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRANKLIN RODGERS,<br>    Petitioner<br><br>V.<br><br><br><br>GERALD ROZUM, DISTRICT ATTORNEY<br>OF BLAIR COUNTY, ATTORNEY GENERAL<br>OF THE COMMONWEALTH OF<br>PENNSYLVANIA<br>    RESPONDENTS | Civil Action No. 06-46J<br>Judge Kim R. Gibson/<br>Magistrate Judge Lisa Pupo<br>  Lenihan |

## RESPONDENT'S RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2254

AND NOW, comes the above named Respondent, Gerald Rozum, by and through Richard A. Consiglio, District Attorney, Blair County, Commonwealth of Pennsylvania, and files the following Response to Petitioner's Petition for Writ of Habeas Corpus in the above-captioned matter:

1. The Petitioner claims he was not adequately represented at trial due to trial counsel's personal problems and conflicts of interest. Said claim is denied for the reasons set forth in pages 4 and 5 of the Opinion and Order of the Honorable Hiram A. Carpenter, III, dated June 27, 1997. A copy of which is attached hereto and marked as Exhibit "1".

2. Petitioner claims trial counsel was ineffective for failing to investigate leads and facts pertained to his case. The same is denied for the reasons herein set forth on page 27 of the aforesaid attached Opinion and Order (Exhibit "1"), the same being without any specificity which would allow further answer, and the same being based on nothing more than innuendo.

3. The Petitioner claims that trial counsel was ineffective for stipulating to a chain of custody reports. The same is denied for the reasons set forth on pages 11 through 17 of the aforesaid attached Opinion and Order (Exhibit "1").

4. The Petitioner claims trial counsel was ineffective for failing to object to prejudicial and unsupported false remarks made by the prosecution during its closing. The same is denied for the reasons set forth on page 28 of the aforesaid attached Opinion and Order (Exhibit "1"). Further, the same is without specificity which would allow further answer.

5. The Petitioner claims that trial counsel was ineffective for failing to object to prosecutors misleading the Court to have Commonwealth Exhibit "28", brown handle lock blade knife, introduced into evidence. The same is denied on the basis that the same was previously litigated, and without specificity which would allow further answer.

6. The Petitioner claims that trial counsel was ineffective for failing to object to prejudicial or hearsay testimony presented by the prosecution. The same is denied for the reasons set forth in pages 21 through 27 of the Trial Court's aforesaid attached Opinion and Order (Exhibit "1").

7. The Petitioner claims that trial counsel was ineffective for failing to object to known false and perjured testimony and failing to properly cross-examine and impeach

these witnesses. The same is denied in that this is no issue at all. Further, the same is without specificity that would allow further answer, and is based on nothing other than innuendo.

8. The Petitioner claims that trial counsel was ineffective for failing to call DNA experts for Petitioner's Frye hearing; and that he was denied his constitutional right to due process when scientific evidence was admitted in the trial that was unreliable and highly misleading. The same is denied for the reasons set forth on pages 5 through 11 of the aforesaid attached Opinion and Order (Exhibit "1"), as well as pages 8 through 17 of the Pennsylvania Superior Court Opinion dated 2-6-1992, which is attached hereto and marked Exhibit "4".

9. The Petitioner claims that trial counsel was ineffective for failing to go over exhibits that were sent out with the jury during deliberation. Said claim apparently is directed at Exhibit No. "205". The same is denied for the reasons set forth on pages 20 and 21 of the aforesaid attached Opinion and Order (Exhibit "1"), as well as the Supplemental Opinion and Order of the Honorable Hiram A. Carpenter, III, dated May 13, 2003, which is attached hereto and marked Exhibit "2" and the Opinion of the Pennsylvania Superior Court dated July 13, 2004, a copy of which is attached hereto and marked Exhibit "3".. The claim is otherwise without specificity that would allow for further response.

10. The Petitioner claims that trial counsel was ineffective for failing to inform Petitioner that a juror was having personal problems. This is a non-issue. There is no evidence that would support a claim that said juror did not give fair and impartial

consideration to the case or that her problems, whatever they may be, affected her ability to sit as a juror in the Petitioner's case in a fair and impartial manner.

11. The Petitioner claims that he was denied his constitutional right to a speedy trial. The same is denied for the reasons set forth in pages 3 through 6 of the Opinion of the Honorable Ellis W. Van Horner, Senior Judge, a copy of which is attached hereto and marked Exhibit "5:. The record reflects that a number of defense continuances were requested in this matter, which are an excludable time. As such, the Petitioner did receive a speedy trial under the law as defined by the Commonwealth of Pennsylvania.

12. The Petitioner claims that he was convicted in violation of his constitutional rights to be free of illegal search and seizure. This is a non-issue. The same is further denied on the basis that the claim is without specificity that would allow for further response.

13. The Petitioner claims to have been convicted in violation of his constitutional right against self-incrimination. The same is denied in that the claim is without specificity that would allow for further answer.

14. The Petitioner claims that he was denied his right to confront adverse witnesses and cross-examination. Once again, this is a non-issue. The same is further denied on the basis that the claim is without specificity that would allow further answer.

15. The Petitioner appears to claim that DNA found in this matter on the victim's pants pocket was not detected as being human DNA, and a purple top tube of his blood was human. This is a non-issue. There is no indication in the record that the same was not human DNA or human blood. The claim is absurd.

16. The Petitioner claims that a witness, Houtz, signed two (2) affidavits recanting his trial testimony. Denied that the same forms a basis for relief in this matter. Further, copies of the aforesaid affidavits were not attached to Petitioner's Petition.

17. The Petitioner claims that trial counsel failed to look at a photo that DNA expert Lisa Bennett took of the decedent's pants pockets before she tested the pockets. Denied for the reasons that Petitioner fails to set forth how he was prejudiced in this matter. The witness testified as to her testing of the DNA material found on the pants pocket.

WHEREFORE, the Respondent, the Commonwealth of Pennsylvania, requests this Honorable Court to deny and dismiss Petitioner's Habeas Corpus Petition.

Respectfully submitted,

Richard A. Consiglio, Esquire
District Attorney
County of Blair
423 Allegheny Street, Suite 421
Hollidaysburg, PA 16648-2022
(814) 693-3010
PA I.D. #06669

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FRANKLIN RODGERS,<br>Petitioner | : | |
| V. | : | Civil Action No. 06-46J<br>Judge Kim R. Gibson/<br>Magistrate Judge Lisa Pupo Lenihan |
| GERALD ROZUM, DISTRICT ATTORNEY<br>OF BLAIR COUNTY, ATTORNEY GENERAL<br>OF THE COMMONWEALTH OF<br>PENNSYLVANIA<br>RESPONDENTS | : | |

## PROOF OF SERVICE

I hereby certify that I am this day serving the Respondent's Response to Petitioner's Petition for Writ of Habeas Corpus upon the following parties in the manner indicated below, which service satisfies the requirements of PA.R.A.P. 121:

<u>Via Electronic Mail</u>

**Magistrate Judge Lisa Lenihan**
**U.S. District Court, Clerk's Office**
**Western District of Pennsylvania**
**U.S. Post Office and Court House**
**7th Avenue and Grant Streets**
**Pittsburgh, PA 15219**

James Franklin Rodgers, BM3819
State Correctional Institution Somerset
1600 Walters Mill Road
Somerset, PA 15510

RICHARD A. CONSIGLIO, ESQUIRE
*/s/ Richard Consiglio*
District Attorney
Blair County
423 Allegheny Street
Hollidaysburg, PA 16648
PA. ID# 06669

DATE: 11-29-06

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES FRANKLIN RODGERS,
    Petitioner

V.

GERALD ROZUM, DISTRICT ATTORNEY
OF BLAIR COUNTY, ATTORNEY GENERAL
OF THE COMMONWEALTH OF
PENNSYLVANIA
    RESPONDENTS

Civil Action No. 06-46J
Judge Kim R. Gibson/
Magistrate Judge Lisa Pupo Lenihan

## PRAECIPE FOR ENTRY OF APPEARANCE

Enter the appearance of the undersigned for the RESPONDENTS in the above-entitled case.

SEND ALL NOTICES TO:

_(signature)_
Richard A. Consiglio, Esquire
District Attorney
County of Blair
423 Allegheny Street, Suite 421
Hollidaysburg, PA 16648-2022
(814) 693-3010
PA I.D. #06669